# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NOEL R. DELEPLANCQUE,**

        **Plaintiff,**

**v.**                                      **Case No:   6:15-cv-1401-Orl-40KRS**

**NATIONSTAR MORTGAGE, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **NATIONSTAR'S MOTION TO STRIKE JURY TRIAL DEMAND (Doc. No. 11)** |
| **FILED:** | **October 22, 2015** |

## I.      BACKGROUND.

        On August 25, 2015, Plaintiff Noel R. Deleplancque ("Deleplancque") filed a complaint against Defendant Nationstar Mortgage, LLC ("Nationstar"), raising claims under the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act ("TCPA"), Florida Consumer Collection Practices Act ("FCCPA"), Real Estate Settlement Procedures Act ("RESPA"), and Truth in Lending Act ("TILA").   Doc. No. 1.   These claims arise out of Nationstar's collection activities concerning Deleplancque's June 2, 2005 mortgage and the August 30, 2013 modification thereto.   *Id.* ¶ 6.   Deleplancque requests a trial by jury.   *Id.* at 22.

On October 22, 2015, Nationstar filed the instant motion, requesting that the Court strike the jury trial demand.   Doc. No. 11.   Nationstar argues that Deleplancque waived his right to a jury trial for his claims in his mortgage agreement, which provides as follows:

> **25.   Jury Trial Waiver.**   The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Doc. No. 11, at 1–2; *see also* Doc. No. 11-1, at 15 ¶ 25.   Deleplancque filed a brief in opposition, Doc. No. 19, and Nationstar thereafter filed a reply, Doc. No. 23.   The motion has been referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

## II.     ANALYSIS.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."   U.S. Const. amend. VII.   Nevertheless, a party may waive his right to a jury trial as long as that waiver is knowing and voluntary.   *Bakrac, Inc. v. Villager Franchise Sys.*, 164 F. App'x 820, 823 (11th Cir. 2006).[1]   The instant motion raises issues with respect to whether (1) Nationstar is entitled to enforce the waiver contained in Deleplancque's mortgage agreement, (2) the scope of the waiver encompasses the claims raised in this case, and (3) the waiver was knowing and voluntary.   I will address each of these issues in turn.

### A.     *Nationstar Is Entitled to Enforce the Waiver.*

As an initial matter, Deleplancque argues that Nationstar may not enforce the waiver contained in his mortgage because Nationstar was not a party to the mortgage, but instead was merely a loan servicer.   Doc. No. 19, at 3–5.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

Deleplancque is correct that Nationstar was not originally a party to the June 2, 2005 mortgage.   Doc. No. 11-1, at 2–17.   However, Mortgage Electronic Registration Systems, Inc. as nominee for the original lender, assigned its interests in the mortgage to Nationstar on June 17, 2013. *Id.* at 22.   On August 30, 2013, Deleplancque entered into a Loan Modification Agreement with Nationstar.   That modification agreement, in which Deleplancque was a party as "Borrower" and Nationstar was a party as "Lender," specifically "amend[ed] and supplement[ed]" the June 2, 2005 mortgage.   Doc. No. 19-1, at 26.   The modification agreement also explicitly provided that "[a]ll covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force in effect, except as herein modified."   *Id.* at 28 ¶ 7(b).   One such covenant, which was between "Borrower and Lender," was the jury trial waiver that Nationstar now invokes.[2] Doc. No. 11-1, at 15.

Moreover, Nationstar currently holds the note, which was duly indorsed in blank,[3] and states that it has held the note since November 21, 2011.[4]   Doc. No. 25-1, at 2 ¶ 5; *id.* at 6–8; *see also*

---

[2] Deleplancque cites a number of cases in which courts have refused to enforce a jury trial waiver when the entity attempting to invoke its benefit was not a party to the agreement.   *See Hamid v. Ocwen Loan Servicing, LLC*, No. 13-62821-CIV-ZLOCH, 2014 U.S. Dist. LEXIS 27115 (S.D. Fla. Feb. 26, 2014); *Williams v. Wells Fargo Bank, N.A.*, No. 11-21233-CIV-ALTONAGA/SIMONTON, 2011 U.S. Dist. LEXIS 119136 (S.D. Fla. Oct. 14, 2011).   However, those cases did not involve the circumstances present here, in which Nationstar is a party by virtue of a loan modification agreement.

[3] Under section 671.201(21)(a), Florida Statutes, a "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."   A "bearer" is the "person in possession of a negotiable instrument . . . that is payable to bearer or indorsed in blank."   Fla. Stat. § 671.201(5).

[4] Deleplancque has submitted a December 16, 2014 letter from Nationstar that identifies Fannie Mae as the owner of the note and Nationstar as a servicer.   Doc. No. 19-1, at 9.   Although the letter included language indicating that Fannie Mae was the noteholder, it also included language indicating that it may have given possession of the note to Nationstar.   *Id.*   Accordingly, the letter does not undercut Nationstar's assertion, which is supported by an affidavit, indicating that it held the note at the time the lawsuit was filed and still holds the note.   Moreover, as Nationstar correctly states, ownership is not a prerequisite to enforcement of the note.   Fla. Stat. § 673.3011(1); *see also Mortg. Elec. Registration Sys. v. Azize*, 965 So. 2d 151,153 (Fla. 2d Dist. Ct. App. 2007) ("[S]tanding is broader than just actual ownership of the beneficial interest in the note.").

*Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 934 (Fla. 4th Dist. Ct. App. 2010) ("[T]he original note, indorsed in blank, was sufficient . . . to establish that it was the lawful holder of the note . . . .") (per curiam).  "[T]he mortgage necessarily and equitably follows the note."  *Madura v. BAC Home Loans Servicing, LP*, 593 F. App'x 834, 845 (11th Cir. 2014) (per curiam) (quoting *U.S. Bank Nat'l Ass'n v. Knight*, 90 So. 3d 824, 826 (Fla. 4th Dist. Ct. App. 2012)) (internal quotation mark omitted).  In *Kinney v. Countrywide Home Loans Servicing, L.P.*, a Florida court expressly found that a party could enforce a mortgage provision, even though it was not a party to the original mortgage, because it was the holder of the note.  165 So. 3d 691, 694 (Fla. 4th Dist. Ct. App. 2015); *accord Azize*, 965 So. 2d at 153 ("The holder of a note has standing to seek enforcement of the note.").

Consequently, Nationstar, which is both a party to the Loan Modification Agreement and the noteholder, is entitled to enforce the jury trial waiver.

> **B.** **The Claims in This Case Fall Within the Scope of the Waiver.**

As noted above, the jury trial waiver at issue concerns all actions and claims, "whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."  Doc. No. 11-1, at 15 ¶ 25.  Here, Deleplancque asserts claims under the FDCPA, FCRA, TCPA, RESPA, TILA, and FCCPA.  Doc. No. 1.  Other courts have already addressed the very waiver at issue here and have determined that it applies to the types of claims raised by Deleplancque.  *See, e.g.*, *Newton v. Wells Fargo Bank, N.A.*, No. 3:13-cv-1017-J-32MCR, 2013 U.S. Dist. LEXIS 155562, at *2–6 (M.D. Fla. Oct. 30, 2013) (TCPA); *Ferraro v. Wells Fargo N.A.*, No. 2:13-cv-632-FtM-38DNF, 2013 U.S. Dist. LEXIS 136582, at *2–3 (M.D. Fla. Sept. 24, 2013) (TILA and RESPA); *Deutsche Bank Nat'l Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1120 (M.D. Fla. 2013) (FCRA, FDCPA, and FCCPA).  On the information available in the record, the mortgage, including the modification thereto, is the sole source of the parties' relationship.  Each of

Deleplancque's claims, therefore, is in some way "related to th[e] Security Instrument or the Note." Accordingly, the waiver provision encompasses the claims at issue in this case.

  C.  *The Waiver Was Made Knowingly and Voluntarily.*

  In assessing whether a waiver is knowing and voluntary, courts consider a number of factors, including (1) the conspicuousness of the waiver provision, (2) the level of sophistication and experience of the parties entering into the contract, (3) whether there was an opportunity to negotiate the terms of the contract, (4) the relative bargaining power of the parties, and (5) whether the waiving party was represented by an attorney. *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004). "No single factor is conclusive, and '[i]n making a determination, the Court is not bound by the number of factors that have been satisfied.'" *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1295 (M.D. Fla. 2012) (alteration in original) (quoting *Hancock v. Deutsche Bank*, No. 8:06-cv-1724-T-27EAJ, 2006 U.S. Dist. LEXIS 79805, at *4 (M.D. Fla. Oct. 23, 2006)). Instead, the Court must ask whether, under the totality of the circumstances, the waiver is unconscionable, contrary to public policy, or unfair.[5] *Id.*

  In this case, the waiver provision is conspicuous. It is contained in its own separate paragraph, is contained on a page that Deleplancque initialed, and is the last numbered paragraph before the signature page. The jury trial waiver is in the same font size as the rest of the document, and it begins with the bolded language "Jury Trial Waiver." Indeed, courts in this Circuit have found this very waiver provision conspicuous under nearly identical circumstances.[6] *See, e.g.,*

---

[5] Courts in this Circuit have determined that the party seeking the benefit of a jury trial waiver bears the burden of establishing that it was knowing and voluntary. *See Stevens v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-1845-Orl-31KRS, 2015 U.S. Dist. LEXIS 55383, at *4-5 (M.D. Fla. Mar. 17, 2015), *adopted by* 2015 U.S. Dist. LEXIS 55382 (M.D. Fla. Apr. 27, 2015); *Baker v. Wyndham Worldwide*, No. 6:11-cv-1469-Orl-36GJK, 2012 U.S. Dist. LEXIS 125987, at *13–14 (M.D. Fla. Aug. 17, 2012), *adopted by* 2012 U.S. Dist. LEXIS 125797 (M.D. Fla. Sept. 5, 2012). As set forth below, Nationstar has carried that burden.

[6] Deleplancque asserts that he received "a closing package consisting of approximately twenty to

*Pearson v. Countrywide Home Loans, Inc.*, No. 8:13-CV-1075-T-17AEP, 2015 U.S. Dist. LEXIS 14541, at \*5–6 (M.D. Fla. Feb. 6, 2015); *Fleeger v. Wachovia Bank*, No. 5:12-CV-294-Oc-32PRL, 2013 U.S. Dist. LEXIS 58732, at \*7–8 (M.D. Fla. Apr. 24, 2013); *Martorella v. Deutsche Bank Nat'l Tr. Co.*, No. 12-80372-CIV-MARRA, 2013 U.S. Dist. LEXIS 36886, at \*6–7 (S.D. Fla. Mar. 18, 2013).

The waiver provision was also written in such a manner that it did not require any special education or experience to be understood. *See Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 U.S. Dist. LEXIS 159089, at \*49–50 (M.D. Fla. Apr. 9, 2012); *Acciard v. Whitney*, No. 2:07-cv-00476-FtM-36DNF, 2011 U.S. Dist. LEXIS 118477, at \*10–11 (M.D. Fla. Oct. 13, 2011). The waiver is clear, understandable, and unambiguous. Indeed, its implications are evident from the three bolded words that begin the paragraph: "Jury Trial Waiver."

Moreover, there is no evidence that Deleplancque lacked an opportunity to negotiate the waiver provision. He states, without evidentiary support, that he believed the terms were non-negotiable. Doc. No. 19, at 7. However, "[s]imply because a party did not negotiate the language of a jury trial waiver does not mean that the waiver or other terms in the agreement were non-negotiable." *Oglesbee v. IndyMac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009); *accord Stevens*, 2015 U.S. Dist. LEXIS 55383, at \*7 (noting that a party's subjective belief that he had no power to negotiate terms did not establish that he was actually unable to negotiate them).

---

thirty documents related to the Deleplancque Mortgage," although he provides no other sworn information concerning those documents. Doc. No. 19-2 ¶ 8. To the extent he argues that the jury trial waiver is unenforceable because the mortgage was one document in a closing package, his argument is unconvincing. That Deleplancque received other, extra-contractual documents does not change that the contractual provision itself is conspicuous. *Cf. Wells Fargo Bank, N.A. v. CCC Atl., LLC*, No. 12-00521 (JEI/JS), 2013 U.S. Dist. LEXIS 116130, at \*13 (D.N.J. Aug. 4, 2013) ("A clear, conspicuous and unambiguous jury trial waiver is effective no matter [in which] page of a contract it is located."). Moreover, this argument fails to account for Deleplancque's subsequent entry into a loan modification agreement that kept the waiver provision in effect.

Deleplancque has not indicated that he originally attempted to negotiate the provision, and he has not presented any evidence that he could not have attempted to negotiate. *See Oglesbee*, 675 F. Supp. 2d at 1158 ("The Court cannot . . . find a boilerplate contract non-negotiable absent a showing that the party opposed the jury trial waiver at the time of signing or that the drafters refused to consider an alternative to the existing provision."). Accordingly, this factor does not militate against the enforceability of the waiver.

The relative bargaining power of the parties also does not render the waiver provision unenforceable. Deleplancque argues that he faced a gross disparity in bargaining power because (1) the mortgage documents were only provided to him at the time of closing and (2) he had "spent a considerable amount of time and money in applying for a mortgage" and that walking away from the agreement would have resulted in a "substantial cost" to him. Doc. No. 19-2 ¶¶ 10–12. These arguments are not compelling. First, Deleplancque has presented no evidence that he could not have reviewed the documents at the closing or, if necessary, requested more time to do so. *Cf. Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1295 (M.D. Fla. 2012) (upholding a jury trial waiver when plaintiffs alleged that they were "rushed through the signing of the mortgage"). Second, Deleplancque's assertion that he would have experienced a "substantial cost" if he walked away is vague, conclusory, and self-serving. He has not offered any specifics as to the potential costs of walking away or otherwise shown why he incurred costs out of the norm for a mortgage application. Though such costs are commonplace, "[c]ourts routinely and regularly enforce jury trial waivers found in loan agreements." *Id.* Moreover, measured against the decisions of other courts in this Circuit, the potential loss of application fees of an unidentified amount, standing alone, is not indicative of a disparity in bargaining power of such great proportion as to render a waiver unenforceable. *Cf. id.* at 1295 (upholding a jury trial waiver when the

plaintiffs "needed the refinance money to pay for their daughter's graduate school tuition"); *Milsap v. Cornerstone Residential Mgmt., Inc.*, No. 05-60033-CIV-MARRA/JOHNSON, 2007 U.S. Dist. LEXIS 22252, at *10 (S.D. Fla. Mar. 27, 2007) (upholding a jury trial waiver in a lease agreement against "a single mother with two young daughters in immediate need of housing"); *see generally Martorella*, 2013 U.S. Dist. LEXIS 36886, at *9 ("Plaintiff was under no obligation to seek financing from Defendants . . . ."). Instead of attempting to negotiate or walking away, Deleplancque signed the agreement and bound himself to the terms therein.

Although Deleplancque states that he was not represented by an attorney at closing, a contract waiving a party's right to a jury trial is not unenforceable simply because "one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010). Deleplancque has presented no evidence that he attempted to retain an attorney to review the document or was precluded from doing so.[7]  *See Oglesbee*, 675 F. Supp. 2d at 1159.

Based on the foregoing and after consideration of the totality of the circumstances, I recommend that the Court find that Deleplancque knowingly and voluntarily waived his right to a jury trial. Moreover, I recommend that the Court find that the waiver is not contrary to public policy, unconscionable, or unfair.

---

[7]  Moreover, Deleplancque was represented by counsel when he entered a loan modification agreement that stated that "[a]ll covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect." Doc. No. 19-1, at 28 ¶ 7(b); *In re Deleplancque*, No. 6:11-bk-13821, Doc. No. 88 (Bankr. M.D. Fla. Apr. 7, 2014).

### III.    RECOMMENDATION.

In light of the above, I respectfully **RECOMMEND** that Nationstar's Motion to Strike Jury Trial Demand (Doc. No. 11) be **GRANTED** and that Deleplancque's demand for a jury trial be **STRICKEN**.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 14, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE